Supreme Court. At Chambers.    New York, November, 1859.
Before *Ingraham*, Justice.

## The People *v.* John Richardson.

On return to a writ of *habeas corpus*, issued to inquire into the cause of detention, after commitment by a magistrate, and before indictment, additional proof may be received by the judge for the purpose of enabling him to decide upon the legality of the detention.

This matter came before Mr. Justice *Ingraham*, at Chambers, on a writ of *habeas corpus*, and the question was, whether additional evidence could be received to show that the prisoner was legally detained. The prisoner had been committed by a magistrate, but had not been indicted. The following opinion was given:

Ingraham, J. The affidavits made before the police justice show that the prisoner proposed to Little to retain the money of his employer, which he was sent to obtain from the bank. Knowing the money to be the property of Winslow, Lanier & Co., he took the money from Little and concealed it. It is not by any means clear that, on this evidence, the prisoner could not be convicted of grand larceny. The money was the property of the firm, although in the possession of their servant, and, if taken from the servant, without his consent, it would clearly have been a larceny. The assent of the servant would not alter the nature of the offence.

But if it amounts to nothing more than an embezzlement, the evidence is ample to sustain the charge against the prisoner of receiving the property of another, knowing it to have been embezzled, and the only ground on which the discharge of the prisoner is sought is, that the clerk was under eighteen years of age when the embezzlement was committed. If this be true, the crime of embezzlement could not be charged upon Little, and the prisoner would not, of course, be liable under that charge. The District Attorney now offers additional

proof to show that Little is mistaken as to his age, and that he is over nineteen years of age. I think that such evidence may be taken now.

The 58th section of the *habeas corpus* act provides, "that if the prisoner appear to have been legally committed for the offence, or if he appear, by the testimony offered *with the return* or *on the hearing*, to be guilty, the court should remand him," &c. This contemplates an examination of the evidence returned by the magistrate, or of evidence offered on the hearing, and allows such evidence then to be received.

Besides this, although I should discharge him on this writ, if the District Attorney has the necessary evidence, he could at once apply for a new commitment on such proof, and it would be my duty to commit him anew thereon.

It would not be a creditable administration of justice to discharge a prisoner from custody on such a technical objection, when the District Attorney offers to supply the defect in the evidence, and produce sufficient testimony fully to establish the guilt of the prisoner.

The evidence may be received, and on producing proof that the correct age of Little is over eighteen years, the prisoner must be remanded.

---

SUPREME COURT. New York General Term, February 1860. *Sutherland, Allen* and *Bonney,* Justices.